UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT W. JOHNSON,

               Plaintiff,

-against-

COUNTY OF ERIE, *et al.*,

               Defendants.

19-CV-8158 (CM)

TRANSFER ORDER

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, who currently resides in the Bronx, brings this *pro se* action, invoking the Court's federal question jurisdiction. *See* 28 U.S.C. § 1331. He names as defendants: Erie County; Eric County Executive, Mark C. Poloncarz; the State of New York; Erie County employees, Kathleen Sagliani and Joanne Kotowski; "New York State Child Abuse & Maltreatment Register"; "State Central Register"; Erie County Child Protective Services; CFS and the CFS Commissioner; and Albany County. Plaintiff claims that Defendants violated his federal constitutional rights in Buffalo, New York. For the following reasons, the Court transfer this action to the United States District Court for the Western District of New York.

Under 28 U.S.C. § 1391(b), a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under § 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that Defendants violated his rights during a child abuse investigation in

which Defendant New York State Office of Children and Family Services (CFS) notified Plaintiff that he was "the subject of a report of suspected child abuse or maltreatment." ECF No. 1.

Because Plaintiff does not allege that any defendant resides in this district or that the events or omissions giving rise to his claim arose in this district, venue is not proper in this Court under § 1391(b)(1), (2). Plaintiff's claims arose in Erie County, which is in the Western District of New York, and in Albany County, which is in the Northern District of New York. *See* 28 U.S.C. § 112. Accordingly, venue lies in both the Western and Northern Districts. *See* 28 U.S.C. § 1391(b)(2). But because Plaintiff's claims primarily concern events that arose in Erie County, where Plaintiff formerly resided and where the abuse investigation transpired, the Court transfers the action to the United States District Court for the Western District of New York. *See* 28 U.S.C. § 1391(b)(1), (2) and §1406(a).

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket.

The Clerk of Court is further directed to transfer this action to the United States District Court for the Western District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court.[1] A summons shall not issue from this Court. This order closes this case.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

---

[1] Plaintiff did not submit an application to proceed *in forma pauperis*.

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: September 9, 2019
       New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge